UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONAVAN STENNETT,

                     Plaintiff,

-against-

NEW YORK STATE,

                     Defendant.

25-CV-2967 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a pretrial detainee at the Otis Bantum Correctional Center (OBCC) on Rikers Island, proceeds *pro se*. Plaintiff alleges that another detainee at OBCC sexually assaulted him and that his constitutional rights were violated. The Court construes this complaint as asserting claims under 42 U.S.C. § 1983 for alleged failure to protect him, in violation of his rights under the Fourteenth Amendment to the U.S. Constitution.

By order dated July 21, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from Plaintiff's complaint.[2] On March 24, 2025, Plaintiff Donavan Stennett was housed in "4-Upper" at OBCC on Rikers Island. At about 4:15 p.m., another person in custody sexually harassed and assaulted Plaintiff. The other individual inappropriately touched Plaintiff "on his ass" and spat in Plaintiff's face. Correction officers Ventura and Honkson witnessed the incident, and it was captured on video.

Plaintiff brings this action against the State of New York, asserting that his constitutional rights were violated. He does not specify the relief that he seeks.

## DISCUSSION

### A.    Claims against State of New York

Plaintiff, without explanation, brings his Section 1983 claims against the State of New York. He alleges, however, that at the time of the events giving rise to his claims, he was in the custody of the New York City Department of Correction (DOC), not the New York State Department of Corrections and Community Supervision (DOCCS). It is therefore unclear why Plaintiff sues the State of New York for these claims.

Moreover, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by Eleventh Amendment immunity and are dismissed.

**B.    Failure to Protect**

The Court construes Plaintiff's allegations that two correction officers observed another person in custody assault him as a claim that correction officers failed to protect him from a serious risk of harm, in violation of his constitutional rights.

Failing to protect a pretrial detainee from assault rises to the level of a constitutional violation of the Fourteenth Amendment where an official acted with "deliberate indifference to a substantial risk of serious harm" to the detainee. *Farmer v. Brennan*, 511 U.S. 828, 836 (1994). To establish deliberate indifference for a failure to protect claim, a plaintiff must satisfy a "two-prong test comprised of both objective and subjective standards." *McDaniel v. City of New York*, No. 19-CV-8735, 2022 WL 421122, at *6 (S.D.N.Y. Feb. 11, 2022). For the objective prong, the plaintiff must show a risk of harm that was "sufficiently serious to constitute [an] objective deprivatio[n] of the right to due process." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "In assessing whether the risk of . . . violence . . . is 'sufficiently serious' to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a 'substantial risk of serious harm.'" *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997).

For the subjective prong, the plaintiff must establish that the "officer acted with at least deliberate indifference" to the challenged risk, which in the context of the Fourteenth Amendment means that the officer "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Thus, "prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner." *Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *16 (S.D.N.Y. Sept. 26, 2019). Generally, "[c]ourts have found that, when an inmate informs correction[ ] officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Francis v. City of New York*, No. 17-CV-1453, 2018 WL 4659478, at *4 (S.D.N.Y. Aug. 21, 2018) (citation and quotation marks omitted); *Villa v. Westchester Cnty.*, No. 19-CV-428, 2020 WL 4505968, at *7 (S.D.N.Y. Aug. 5, 2020) ("When an inmate informs correction officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect."). Prison officials can be liable, however, "whether or not an attack actually occurs," and "whether or not the injuries suffered in an attack are serious." *Johnson*, 2019 WL 4688542, at *16; *Velez v. City of New York*, No. 17-CV-9871, 2019 WL 3495642, at *4 (S.D.N.Y. Aug. 1, 2019) ("Those cases which have found officers potentially liable for failing to prevent an attack involved clear and specific threats against an inmate.").

Here, Plaintiff has not included any facts suggesting that he was aware of the risk of assault before it occurred, or that he communicated such risk to anyone. He also has not alleged any facts suggesting that the DOC or individual officers independently had information about the

risk posed by the detainee who assaulted Plaintiff. Finally, Plaintiff has also not included facts suggesting that the correction officers who observed the incident failed to act promptly to mitigate additional harm or otherwise behaved inappropriately. Even if the Court assumes that Plaintiff faced an objectively serious risk of harm, there are no allegations in the complaint suggesting that correction officers failed to act with reasonable care to mitigate the risk to him. Plaintiff's allegations are therefore insufficient to plead that correction officers acted with deliberate indifference to a risk of harm that he faced and fail to state a claim on which relief can be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Pro Bono Counsel**

Plaintiff asks the Court to request pro bono counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied, without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a failure-to-protect claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to name as defendants the individuals who were personally involved and to allege facts about what they did or failed to do that violated his rights.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. In the amended complaint, Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's motion for *pro bono* counsel (ECF 4) is denied, without prejudice to renewal.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-2967 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Section 1983 claims will be dismissed, 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and the Court will decline supplemental jurisdiction of the state law claims, 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 26, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.    LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

**II.    PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

**III.    PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.  DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                           Plaintiff's Signature

_____  _____  _____
First Name      Middle Initial  Last Name

_____
Prison Address

_____        _____        _____
County, City          State                 Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6