UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONAVAN STENNETT,

                      Plaintiff,

      -against-

NEW YORK STATE,

                      Defendant.

25-CV-2967 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is detained at the Otis Bantum Correctional Center in the custody of the New York City Department of Correction (DOC), is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 26, 2025, Chief Judge Swain directed Plaintiff to amend his complaint to address deficiencies in his original pleading, and this matter was thereafter reassigned to my docket. Plaintiff filed an amended complaint on September 17, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from Plaintiff's amended complaint.[1] On March 24, 2025, Plaintiff Donavan Stennett was housed in "4-Upper" at OBCC on Rikers Island. At about 4:15 p.m., another person in custody inappropriately touched Plaintiff "on his ass" and spat in his face. (ECF 13 at 4.) Correction officers Ventura and Hinkson witnessed the incident, and it was captured on video.

Plaintiff brings this action against the State of New York. He asserts claims for alleged violations of his constitutional rights, and seeks damages.

## DISCUSSION

In the Order to Amend issued on August 26, 2025, Chief Judge Swain explained that Plaintiff's complaint against the State of New York could not proceed for two reasons. First, Plaintiff was in the custody of the City of New York DOC, not the New York State Department of Corrections and Community Supervision (DOCCS), and it was therefore unclear why Plaintiff sued the State of New York. Moreover, the State of New York is immune from suit in federal court for claims under Section 1983. See *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

Second, Plaintiff had alleged that two non-party correction officers had witnessed the incident, but he had not pleaded facts showing that the officers had acted with deliberate indifference in failing to protect him. Plaintiff did not allege that the correction officers "acted intentionally . . ., or recklessly failed to act with reasonable care to mitigate the risk" or that they "knew, or should have known that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). The Court therefore dismissed the complaint

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

on the grounds that it named a defendant who was immune from suit and failed to state a claim on which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

A.    **State of New York's Immunity**

Plaintiff's amended complaint is virtually identical to his original complaint. In his amended complaint, Plaintiff again names the State of New York as the sole defendant. Because the State of New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate states' immunity for claims under Section 1983, *Gollomp*, 568 F.3d at 366, New York enjoys Eleventh Amendment immunity from suit for these claims for damages. Accordingly, Plaintiff's claims against the State of New York must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

B.    **Failure to Protect Claim**

Plaintiff lists individual correction officers who witnessed the incident in the body of the amended complaint but does not name them as defendants in the caption. Even if Plaintiff had named these correction officers as defendants, Plaintiff has not alleged facts in the amended complaint showing that they acted with deliberate indifference in failing to protect him from a serious risk of harm in violation of his rights.

As Chief Judge Swain previously explained, to establish deliberate indifference for a detainee's claim for failure to protect, in violation of the Fourteenth Amendment, a plaintiff must satisfy a "two-prong test comprised of both objective and subjective standards." *McDaniel v. City of New York*, No. 19-CV-8735, 2022 WL 421122, at *6 (S.D.N.Y. Feb. 11, 2022). For the objective prong, the plaintiff must show a risk of harm that was "sufficiently serious to constitute [an] objective deprivatio[n] of the right to due process." *Darnell*, 849 F.3d at 29. "In assessing whether the risk of . . . violence . . . is 'sufficiently serious to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather

the existence of a 'substantial risk of serious harm.'" *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997).

For the subjective prong, the plaintiff must establish that the "officer acted with at least deliberate indifference" to the challenged risk, which in the context of the Fourteenth Amendment means that the officer "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Thus, "prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner." *Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *16 (S.D.N.Y. Sept. 26, 2019). Generally, "[c]ourts have found that, when an inmate informs correction[ ] officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Francis v. City of New York*, No. 17-CV-1453, 2018 WL 4659478, at *4 (S.D.N.Y. Aug. 21, 2018) (citation and quotation marks omitted); *Villa v. Westchester Cnty.*, No. 19-CV-428, 2020 WL 4505968, at *7 (S.D.N.Y. Aug. 5, 2020) ("When an inmate informs correction officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect."). Prison officials can be liable, however, "whether or not an attack actually occurs," and "whether or not the injuries suffered in an attack are serious." *Johnson*, 2019 WL 4688542, at *16; *Velez v. City of New York*, No. 17-CV-9871, 2019 WL 3495642, at *4 (S.D.N.Y. Aug. 1, 2019) ("Those cases which have found officers potentially liable for failing to prevent an attack involved clear and specific threats against an inmate.").

4

Here, Plaintiff has not included any facts in the amended complaint suggesting that he was aware of the risk of assault before it occurred or that he communicated such risk to anyone. He also has not alleged any facts suggesting that the DOC or individual officers had information about the risk posed by the detainee who allegedly touched and spit on Plaintiff. Nor has Plaintiff included facts suggesting that the correction officers who observed the incident failed to act promptly to mitigate additional harm or otherwise behaved inappropriately.

Even if the Court assumes that Plaintiff faced an objectively serious risk of harm, there are no allegations in the complaint suggesting that correction officers failed to act with reasonable care to mitigate the risk to him. Plaintiff's allegations are therefore insufficient to plead that correction officers acted with deliberate indifference to a risk of harm that he faced and fail to state a claim on which relief can be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

5

**D.    Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The claims under 42 U.S.C. § 1983 in Plaintiff's amended complaint are dismissed based on Eleventh Amendment immunity and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and the Court declines supplemental jurisdiction of any state law claims, 28 U.S.C. § 1367(c)(3). The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 30, 2025
         New York, New York

                                         _____Louis L. Stanton_____
                                               Louis L. Stanton
                                                  U.S.D.J.